# EXHIBIT A

Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
(609) 243-0300
Attorneys for Plaintiff
ID# 0078119977

| | |
|---|---|
| INGRID SANDOVAL,<br><br>          Plaintiff,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.,<br>KEVIN MOORE,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>DOCKET NO.<br><br><br>CIVIL ACTION<br><br><br><br>PLAINTIFF'S COMPLAINT AND JURY<br>DEMAND |

Plaintiff Ingrid Sandoval, by and through her counsel, by way of Complaint against Defendants Papa John's International, Inc., Kevin Moore, and Rushi Patel, hereby states and alleges as follows:

## PARTIES

1. Plaintiff Ingrid Sandoval is a natural person residing at 42 Geraldine Road, East Windsor, New Jersey. Ms. Sandoval is employed by Defendant Papa John's International, Inc. as a Quality Control Production Worker.

2. Defendant Papa John's International, Inc. (hereafter "Papa John's") is a national take-out and pizza delivery chain with headquarters located in Louisville, Kentucky. Papa John's owns and operates the Papa John's QCC located at 1267 South River Road, Cranbury, New Jersey.

3. At all relevant times, Defendant Kevin Moore was Ms. Sandoval's manager. Upon information and belief, he resides in New Jersey.

## BACKGROUND FACTS

4. Papa John's first hired Ms. Sandoval in December of 2013, as a Production Worker for the company's Quality Control Center ("QCC") in Cranbury, New Jersey.

5. At all relevant times, Ms. Sandoval performed her job duties well and was not subject to discipline. She consistently earned good performance reviews.

6. Ms. Sandoval is Hispanic and her country of origin is Guatemala.

7. When Ms. Sandoval began working for Papa John's, she was one of only three female employees in the production division. One of these females was the daughter of a manager at the QCC. The other female was African American.

8. Soon after Ms. Sandoval started work, she and her African American co-worker were singled out for harassment by two male co-workers, Rushi Patel and Dan Tviser. Specifically, Mr. Patel and Mr. Tviser often raised their voices at Ms. Sandoval and her co-worker and treated them in a belittling manner as compared to their male co-workers.

9. At one point, Mr. Tviser even directed a racist comment at Ms. Sandoval's African-American co-worker. When she was unloading supplies after nightfall, Mr. Tviser remarked that he couldn't see her because she was black.

10. After approximately a year-and-a-half, both of Ms. Sandoval's female co-workers had quit, making her the sole remaining female employee in production. Around

this time, Mr. Patel and Mr. Tviser stepped up and escalated their harassment of Ms. Sandoval.

11. Mr. Patel would mortify Ms. Sandoval in front of her male co-workers by yelling at her and belittling her intelligence. Mr. Patel did not direct this harsh treatment to any male workers.

12. Mr. Tviser often made racist and incendiary comments about Ms. Sandoval's race and national origin. He told her, in front of other co-workers, that "your people are short and ugly" and that her country of origin, Guatemala, was "the lowest of the low."

13. Moreover, Mr. Tviser subjected Ms. Sandoval to sexual harassment and degradation. He threw balls of dough at her breasts, or would stare at her breasts and lick his lips suggestively. He told her to "keep her head down, because that's where it belongs."

14. Several times, Mr. Tviser even resorted to physically assaulting Ms. Sandoval. He habitually pressed the backs of her knees to make her fall and, in December of 2016, threw large and heavy balls of dough at Ms. Sandoval's legs. This left Ms. Sandoval with dark bruises that she photographed with her cell phone camera.

15. Additionally, both Mr. Patel and Mr. Tviser targeted Ms. Sandoval with demeaning pranks and comments. For instance, Mr. Tviser would slam down trays near Ms. Sandoval to startle her, or mockingly try to force her to wear a beard net like her male co-workers. Following the 2014-2015 Ebola virus scare in the United States, Mr. Tviser told Ms. Sandoval "I hope you get it and never come back."

3

16. Neither Mr. Patel nor Mr. Tviser directed any harassment towards their male co-workers, instead singling out Ms. Sandoval for their hostility and bias.

17. Ms. Sandoval complained repeatedly about Mr. Patel's and Mr. Tviser's harassment to her then-supervisor (now manager), Kevin Moore. However, Mr. Moore dismissed Ms. Sandoval's complaints, always minimizing or rationalizing the men's behavior.

18. As such, Ms. Sandoval came to correctly believe that Mr. Moore would be of little or no assistance in ending the discrimination and harassment against her. Nonetheless, needing her job, Ms. Sandoval continued to work and endure daily abuse from Mr. Patel and Mr. Tviser, despite the physical and emotional toll it exacted. She began to suffer sleep disturbances and crying spells, and felt emotionally and socially withdrawn.

19. On or around January 12, 2017, while at work, Ms. Sandoval walked into the cooler to retrieve a set of keys she needed to operate the compactor. Mr. Tviser and another worker, Kevin Applegate, were standing and talking in front of the desk that contained the keys.

20. Ms. Sandoval motioned to the men to pass her the keys from the desk, so as to avoid interrupting their conversation. In response, Mr. Applegate reached over to open the desk to retrieve the keys for her. However, Mr. Tviser stopped him, stating, "Let her get them herself." After Ms. Sandoval went to the desk and took the keys, Mr. Tviser reprimanded her for even suggesting that the men pass them to her: "What do I look like, your fucking servant?"

4

21. Defendants have waged a vicious campaign of harassment and abuse against Ms. Sandoval based upon her gender, race and national origin. Moreover, Defendants have failed to address, investigate, or remediate said harassment and abuse, instead allowing Ms. Sandoval to be subjected to a relentlessly hostile work environment. Defendants' actions are in direct violation of the *New Jersey Law Against Discrimination*.

22. In January 2017, Ms. Sandoval, both herself and counsel, once again complained to Defendant regarding the hostile work environment that she was subjected to.

23. Defendant Papa John's took no effective remedial action, and Ms. Sandoval is not being subject to retaliatory harassment by Papa John's managers.

**COUNT I – HOSTILE WORK ENVIRONMENT – SEXUAL HARASSMENT**

24. Plaintiff incorporates and restates each of the allegations contained in the preceding paragraphs as if set forth at length herein.

25. Ms. Sandoval is female and therefore a member of a protected class.

26. Defendants subjected to, and allowed Ms. Sandoval to be subjected to, severe and pervasive harassment on the basis of her gender in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ('LAD"). Specifically, Ms. Sandoval was subjected to unwanted sexual attention, touchings, comments and jokes, on a near-continual basis during her employment with Defendant.

27. As a result of Defendants' unlawful conduct, Ms. Sandoval has suffered substantial job detriment and economic loss.

5

28. As a result of Defendants' unlawful conduct, Ms. Sandoval has suffered emotional distress, anxiety, stress, anger, humiliation and embarrassment.

WHEREFORE, Plaintiff demands the following damages and relief:

a. Judgment in favor of the Plaintiff;

b. Compensatory damages;

c. Punitive damages;

d. Attorneys fees;

e. Costs of suit;

f. Any other relief that this Court deems just and equitable.

## COUNT II –HOSTILE WORK ENVIRONMENT - RACE

29. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

30. Ms. Sandoval is Hispanic and therefore a member of a protected class.

31. Defendants subjected to, and allowed Ms. Sandoval to be subjected to, severe and pervasive harassment on the basis of her race in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ('LAD"). Specifically, Ms. Sandoval was subjected to racially offensive comments and jokes, on a near-continual basis during her employment with Defendant.

32. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to job detriment and economic losses.

33. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

    a.    Judgment in favor of the plaintiff and against the defendant;

    b.    Compensatory damages;

    c.    Punitive damages;

    d.    Attorneys fees;

    e.    Costs of suit;

    f.    Such additional relief as this Court deems just and equitable.

## COUNT III – HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN

34. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

35. Ms. Sandoval is of Guatemalan origin and therefore a member of a protected class.

36. Defendants subjected to, and allowed Ms. Sandoval to be subjected to, severe and pervasive harassment on the basis of her national origin in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ('LAD"). Specifically, Ms. Sandoval was subjected to offensive comments and jokes based on her country of origin, on a near-continual basis during her employment with Defendant.

37. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to job detriment and economic losses.

38. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

    a.    Judgment in favor of the plaintiff and against the defendant;

    b.    Compensatory damages;

    c.    Punitive damages;

    d.    Attorneys fees;

    e.    Costs of suit;

    f.    Such additional relief as this Court deems just and equitable.

### COUNT IV – RETALIATION

39. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

40. Defendant subjected to, and allowed Ms. Sandoval to be subjected to unlawful retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

41. As a result of Defendant unlawful conduct, Ms. Sandoval has been subjected to job detriment and economic losses.

42. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

    a.    Judgment in favor of the plaintiff and against the defendant;

    b.    Compensatory damages;

    c.    Punitive damages;

    d.    Attorneys fees;

    e.    Costs of suit;

    f.    Such additional relief as this Court deems just and equitable.

### COUNT V- AIDER AND ABETTOR LIABILITY AGAINST INDIVIDUAL DEFENDANT MOORE

43. Plaintiff hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

44. The individual Defendant Moore aided and abetted in the discrimination against Ms. Sandoval, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

45. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to job detriment and economic losses.

46. As a result of Defendants' unlawful conduct, Ms. Sandoval has been subjected to mental anguish, embarrassment, stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff demands the following damages and relief:

a. Judgment in favor of the plaintiff and against the defendant;

b. Compensatory damages;

c. Punitive damages;

d. Attorneys fees;

e. Costs of suit;

f. Such additional relief as this Court deems just and equitable.

Respectfully submitted,

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
Attorneys for Plaintiff

Dated: 2/10/17

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that this matter in controversy is not the subject of other actions pending in any court or arbitration proceedings, or any such contemplated other actions or arbitration proceedings.

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
Attorneys for Plaintiff

Dated: 2/10/17

## DESIGNATION OF TRIAL COUNSEL

David Zatuchni, Esq. is hereby designated as trial counsel in this matter.

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
Attorneys for Plaintiff

Dated: 2/10/17

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims.

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
Attorneys for Plaintiff

Dated: 2/10/17

11

**Appendix XII-B1**



### CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| David Zatuchni | (609) 243-0300 | Middlesex |
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| Zatuchni & Associates, LLC | | |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 287 South Main Street  Lambertville, NJ 08530 | | Complaint and Jury Demand |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ingrid Sandoval, Plaintiff | Ingrid Sandoval v. Papa John's International, Inc.; Kevin Moore |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 618 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | | |
|---|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*  2/10/17

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

# **EXHIBIT B**

Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
(609) 243-0300
Attorneys for Plaintiff
ID# 0078119977

| | |
|---|---|
| INGRID SANDOVAL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.,<br>KEVIN MOORE,<br><br>　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br>ACKNOWLEDGMENT OF SERVICE OF<br>PROCESS ON BEHALF OF PAPA JOHN'S<br>INTERNATIONAL, INC. |

Undersigned counsel hereby accepts service of process of the Complaint in this matter on behalf of named defendant "Papa John's International, Inc." effective on the date indicated below. By accepting service of process on behalf of said entity, defendant does not concede, and expressly reserves its right to dispute, that said entity is a proper defendant in this action.

_____
Mark Diana, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
973-656-1600

Counsel for named defendant Papa John's International, Inc.

Dated: February 21, 2017

28799185.1